# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

CHAUNCY GRAY,
        Petitioner,

vs.                                       3:10cv83/MCR/MD

MICHAEL BABCOCK,
        Respondent.

---

## REPORT AND RECOMMENDATION

This case is before the court upon a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 and supporting memorandum of law (doc. 1 & 2). Appended to the defendant's petition is a "Request for Withdrawal of Inmate's Personal Funds" indicating that the $5.00 filing fee is forthcoming. (Doc. 1 at 8).

Petitioner reports that he was convicted after a jury trial in the United States District Court for the Western District of Tennessee to conspiracy to attempt to distribute cocaine. He was sentenced on December 13, 1994 to a term of 264 months imprisonment. He appealed, and his conviction and sentence were affirmed on June 17, 1996. He filed a motion for a new trial, claiming that the government relied on the perjurious testimony of two rebuttal witnesses. He indicates that this motion was "Granted; Rev'd on Appeal (01-5899 and 5900, 11/22/02), and the date of result was May 31, 2001. (Doc. 1 at 4). He filed a motion pursuant to 28 U.S.C. § 2255 which was denied on May 12, 2003 as time barred. He filed a motion for permission to file a successive § 2251 (sic) petition with the Sixth Circuit, claiming he was entitled to re-sentencing under *Booker*. The motion was denied on January 16, 2006, as *Booker* was not retroactive.

In the instant petition, petitioner contends, apparently for the first time, that he was indicted on a "non-existent offense" and then convicted of an offense for which he was not indicted. He claims that the crimes of "conspiring and attempting" to distribute cocaine are non-existent, and that after trial the judge "amended the indictment and sent the jury to deliberate on a charge of conspiring to distribute cocaine," a charge of which defendant claims he had no notice and thus no opportunity to defend. He claims that he is "actually innocent," because one cannot be guilty of a non-existent offense.

A petition pursuant to title 28 U.S.C. § 2241 is not the proper vehicle for raising the instant challenge. The continuation or execution of an initially valid confinement is generally the sole issue in a §2241 action. See *United States v. Jordan,* 915 F.2d 622, 629 (11th Cir. 1990); see also *Chambers v. United States*, 106 F.3d 472, 474-75 (2nd Cir.1997) (articulating instances where a federal prisoner may properly file a § 2241 petition). A collateral attack on the validity of a federal conviction and sentence, is more properly brought under 28 U.S.C. § 2255 in the district of conviction. *Jordan,* 915 F.2d at 629; *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hadjuk v. United States*, 764 F.2d 795 (11th Cir. 1985). Here, petitioner challenges the validity of his initial conviction, which he has already attempted to challenge via 28 U.S.C. § 2255. A defendant who filed a previous § 2255 motion and was denied relief may not circumvent the rule restricting successive motions simply by filing a petition under § 2241.

Title 28 U.S.C. § 2255(e) provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); *Wofford v. Scott*, 177 F.3d 1236, 1238 (11th Cir. 1999) (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause," and could allow habeas corpus review of a claim barred as successive under § 2255, but only in limited circumstances.

*Case No: 3:10cv83/MCR/MD*

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford*, 177 F.3d at 1244; *Darby v. Hawk-Sawyer*, 405 F.3d. 942, 945 (11th Cir. 2005); see also *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Failure to meet a single prong means a petitioner's claim fails. See *Wofford,* 177 F.3d at 1244; *Flint v. Jordan*, 514 F.3d 1165, 1168 (11th Cir. 2008). To prove an offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited, as established by Supreme Court precedent. *Darby*, *supra,* (citing *Sawyer v. Holder*, 326 F.3d 1363, 1366 (11th Cir. 2003)). Petitioner has failed to do that in this case, nor can he, as it cannot reasonably be argued that conspiracy to possess or to possess with intent to distribute cocaine is a "non-existent offense." See *Wofford v. Middlebrook*, 244 Fed. Appx. 267, 2007 WL 1721078 (11th Cir. 2007) (rejecting identical argument). Thus, the savings clause does not apply to petitioner's case. *Wofford,* 177 F.3d at 1244.

Furthermore, to the extent a petitioner claims that he cannot pursue his claim via 28 U.S.C. § 2255, more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion. Restrictions on successive section 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause. *Wofford*, 177 F.3d at 1244-1245; see also *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998) (noting that it cannot be right and would nullify the AEDPA limitations if a prisoner, prevented from obtaining relief under § 2255, could simply turn to § 2241).

Section 2241 does not provide an additional, alternative or supplemental remedy to 28 U.S.C. §2255 or an additional bite at the proverbial apple, particularly when the identical issues could have been raised in a timely § 2255 motion or on direct appeal. See, e.g., *Wofford, supra; Triestman v. United States,* 124 F.3d 361, 376 (2nd Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). The § 2255 remedy is not rendered

"inadequate or ineffective" simply because a prior claim under that section has been denied or disallowed, *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001), or because petitioner has been denied permission to file a second or successive § 2255 motion, *see Darby,* 405 F.3d at 945; *United States v. Barrett*, 178 F.3d 34, 50 (1st Cir. 1999); *Wofford,* 177 F.3d at 1245; *Davenport*, 147 F.3d at 608, or because a second or successive § 2255 motion has been dismissed, see *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999). Likewise, the fact that petitioner cannot meet the gate-keeping requirements of the Antiterrorism and Effective Death Penalty Act does not open the door to a § 2241 petition. *Jiminian v. Nash*, 245 F.3d 144, 147-48 (2nd Cir. 2001); *Charles v. Chandler,* 180 F.3d 753, 758 (6th Cir. 1999). And, section 2255 is not inadequate or ineffective merely because the one-year statute of limitations has expired. *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3rd Cir. 2002); *Haugh v. Booker*, 210 F.3d 1147 (10th Cir. 2000).

Accordingly it is respectfully RECOMMENDED:

That the petition for writ of habeas corpus under § 2241 (doc. 1) be summarily denied.

At Pensacola, Florida this 19TH day of March, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).